**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NESPRESSO USA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AMERUSS OF NY, INC.,<br><br>    Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Nespresso USA, Inc. ("Nespresso" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Ameruss of NY, Inc. ("Defendant" or "Ameruss") as follows:

### NATURE OF THE ACTION

1. This is an action for an injunction, an accounting for profits and money damages arising from Ameruss's willful infringement of Nespresso's trademarks and trade dress, and unfair competition under federal and state law. Particularly, this action arises out of Ameruss's operation of a business dedicated to the manufacture, offering for sale and sale of what it calls "Nespresso Compatible" coffee capsules under the highly similar brand name NYXPRESSO, which Ameruss has designed to be compatible with Nespresso® machines. To promote and sell these capsules, Ameruss improperly uses Nespresso's trademarks to mislead consumers into believing that its products are endorsed and/or sponsored by Nespresso, including by registration and use of the domain name <nyxpresso.com> to sell its highly similar designed capsules. Ameruss has also applied to register the NYXPRESSO name as a trademark with the United

1

730168467

States Patent and Trademark Office ("USPTO") (App. Nos. 87196761, 87216595 and 87216542), collectively, the "Infringing Applications"), and Nespresso has opposed these applications (Opposition No. 91241780). Indeed, Ameruss has built an entire business by unlawfully trading off of Nespresso's valuable assets and goodwill, which has caused, and continues to cause, irreparable harm to Nespresso.

2.      In an attempt to address these matters, Nespresso issued multiple letters to Ameruss, putting Ameruss on notice of its infringing activities, the first of which was issued on March 12, 2018. Since Nespresso issued its initial letter, the parties have exchanged a number of communications, and counsel for the parties have spoken numerous times about this matter, the infringement issues and Nespresso's demands. Despite Nespresso's repeated requests for Ameruss to cease its infringing activities and withdraw the Infringing Applications, Ameruss has refused to take any actions whatsoever to remediate the issues, and Ameruss continues to trade off of Nespresso's intellectual property rights and goodwill for commercial gain.

3.      Ameruss continues to infringe Nespresso's trademarks and trade dress despite having been put on express notice of its infringing activities over 16 months ago. Accordingly, Nespresso now brings this action to put an end to Ameruss's infringing activities and to cease the ongoing and irreparable harm being suffered by Nespresso as a result.

## THE PARTIES

4.      Plaintiff Nespresso is organized under the laws of the State of Delaware and maintains its principal place of business at 100 Park Avenue, 7th Floor, New York, New York 10017, United States.

5.      On information and belief, Defendant Ameruss is a corporation organized under the laws of the State of New York and maintains its principal place of business at 328 Neptune Ave., Brooklyn, New York 11235.

2

730168467

## JURISDICTION AND VENUE

6.     This is an action for trademark infringement and dilution, trade dress infringement, and unfair competition. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, New York General Business Law § 349(a) and New York common law. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because, on information and belief, a substantial part of the events giving rise to this action occurred in and continues to occur within this District. Venue is also proper in this Court under 28 U.S.C. § 1391(c), because Ameruss has transacted business in this District and has committed acts of infringement in this District.

## NESPRESSO'S INTELLECTUAL PROPERTY ASSETS AND PRODUCTS

8.     Plaintiff Nespresso is a leader in the single-serve coffee market and has been offering coffee/espresso machines and compatible espresso capsules, consumables and accessories under the Nespresso name in the United States as far back as 1990. For over 20 years, Nespresso and its affiliate, Nestlé Nespresso S.A., together have invested hundreds of millions of dollars to promote the Nespresso brand in the United States and worldwide. As a result of these significant investments, the Nespresso brand and Nespresso cone-shaped capsules have become widely recognized and famous among consumers in the United States and globally, and consumers in the United States have come to readily identify the NESPRESSO name and the distinctive design and color scheme of the Nespresso cone-shaped capsules (the "Nespresso Trade Dress") with Nespresso.

9.     Nespresso's and Nestlé Nespresso S.A.'s investments in the Nespresso® brand and the Nespresso Trade Dress include everything from Internet advertisements, stand-alone

3

Nespresso retail stores in most major U.S. cities, and entire Nespresso boutique stores within such high-end stores as Bloomingdale's and Williams-Sonoma to national television ads that feature celebrity endorsements. (*See*, *e.g.*, Exhibit A). These advertisements and promotional materials consistently feature the NESPRESSO name and the colorful Nespresso® cone-shaped capsules, all of which have become famous and distinctive indicators of source that consumers in the United States have come to associate with Nespresso.

10.     Nespresso also has a significant presence in New York, which is home to its United States headquarters and ten of its boutique stores and the home of its first American flagship location on Madison Avenue.

11.     Nespresso is also the exclusive licensee to a number of federally registered United States trademarks and pending trademark applications covering the NESPRESSO name and other trademarks associated exclusively with the Nespresso brand for use in the United States, which are owned by Nespresso's affiliate, Société des Produits Nestlé S.A. ("SPN"). These include U.S. trademark registration numbers 2009751 and 3813444 (the "Nespresso Marks"). (*See* Exhibit B).

12.     Pursuant to the exclusive sublicense agreement between Nespresso and Nestlé Nespresso S.A., Nespresso is granted the exclusive right to use the Nespresso Marks in connection with marketing, distributing, selling, offering for sale and otherwise promoting the Nespresso® capsules, consumables and accessories. Nespresso's exclusive right to use the Nespresso Marks in connection with capsules, consumables and accessories includes the right to enforce the Nespresso Marks in the United States, including the right to bring lawsuits against third parties for infringement of the Nespresso Marks.

13.     In at least one instance, this Court has recognized Nespresso's exclusive trademark rights in the NESPRESSO® name. *See Nespresso USA, Inc. v. Africa Am. Coffee*

730168467

*Trading Co. LLC D/B/A Libretto*, No. 1:15-cv-05553, Dkt. 29 at 7, 9-10 (S.D.N.Y. June 2, 2016) (granting default judgment against Libretto and holding, among other things, that Libretto's use of the phrase "Nespresso compatible" prominently to advertise and sell its products constitutes trademark infringement).

<u>**AMERUSS'S INFRINGING ACTIVITIES**</u>

14.     On information and belief, Ameruss was founded in or about the year 2016 with the mission of offering "Nespresso Compatible" capsules for use with Nespresso® machines and other brewers. (*See*, *e.g.*, <u>Figure 1</u>). A significant part of Ameruss's business is dedicated to the manufacture (on information and belief), distribution, offering for sale and sale of espresso capsules that are compatible with Nespresso machines (hereinafter, the "Infringing Capsules") and are highly similar copies of the Nespresso capsules. In addition, Ameruss is improperly using Nespresso's trademarks to advertise and sell the Infringing Capsules, including use of the highly similar brand name NYXPRESSO, which it denotes as a trademark of Ameruss using the "TM" trademark symbol.  (*See*, *e.g.*, <u>Figures 2</u> and <u>3</u>).

730168467



**Figure 1**
Source: http://nyxpresso.com, 10/2/2018



**Figure 2**
Source: http://nyxpresso.com, 10/2/2018

730168467



**A Touch of Flavor**

*NYXpresso*™ is not only different in
strength, but also offer several
popular types of flavored coffees:
*Irish Cream, Hazelnut, French
Vanilla* and *Chocolate*.

Learn More

**Figure 3**
Source: http://nyxpresso.com, 10/2/2018

15.    Ameruss has even applied to register the highly similar mark NYXPRESSO with

the USPTO on a "Use" basis  in connection with "*coffee, espresso, and tea beverages; beverages

made with a base of coffee, espresso, and tea.*" The Infringing Applications claim a first-use date

of October 2016. Screen shots of the USPTO database reflecting the applied-for status of the

Infringing Applications, which Nespresso has opposed, are set forth in Exhibit C.

16.    Ameruss sells the Infringing Capsules through its web site <nyxpresso.com> and

through other online storefronts, such as Amazon.com. Ameruss also promotes its products using

social media web sites, including Facebook, Twitter and Pinterest. (*See*, *e.g.*, Figures 4-6).

730168467



**Figure 4**

Source: https://www.amazon.com/NYXpresso-Nespresso-Compatible-Capsules-Variety/dp/B01N4DS8G9, 10/2/2018



**Figure 5**

8

730168467

Source: https://www.facebook.com/pg/nyxpresso/ads/?ref=page_internal, 10/2/2018



**Figure 6**
Source: https://twitter.com/NXpresso, 10/2/2018

17.     To promote and sell the Infringing Capsules, Ameruss uses the Nespresso Marks in a number of ways that infringe Nespresso's trademark rights and dilute the distinctiveness of the famous Nespresso Marks. Pervasively throughout its promotional materials (including, but not limited to, on its website, product packaging, social media pages and Amazon listings), Ameruss uses the slogan "Nespresso Compatible Capsules" with primary prominence and without displaying prominent and proximate non-affiliation disclaimers. (*See, e.g.*, Figures 4 and 7-8).

730168467



**Figure 7**
Source: https://www.facebook.com/nyxpresso, 10/2/2018



**Figure 8**
Source: Ameruss's Product Packaging

10

18.     In numerous instances, Ameruss even combines the NYXPRESSO name with "Nespresso," further suggesting sponsorship by and/or affiliation with Nespresso. (*See*, *e.g.*, Figure 4). Further, Ameruss displays stylized images of the Nespresso logo to promote and sell the Infringing Capsules. (*See*, *e.g.*, Figure 9). These unauthorized uses of the Nespresso Marks falsely suggest and/or imply endorsement and/or sponsorship by, and/or affiliation with, Nespresso.



**Figure 9**
Source: https://www.pinterest.com/nyxpresso/?autologin=true, 10/2/2018

19.     Ameruss has also branded its product NYXPRESSO, which is nearly identical to the "Nespresso" name—differing only by two letters—and is using NYXPRESSO as the

730168467

consumer-facing name for its business and website. The marked similarities of the Nespresso and NYXPRESSO names are depicted in Figure 10 below, which shows the marks side-by-side. The NYXPRESSO name is also a direct reference to Nespresso's presence in New York and its United States headquarters.



**Figure 10**

20.    On information and belief, Ameruss has also registered the domain name <nyxpresso.com> and has used a privacy service to conceal the registrant details. Ameruss is using this domain name as the primary website dedicated to promoting and selling the Infringing Capsules.

21.    Ameruss adopted the "NYXPRESSO" name to trade off the goodwill of Nespresso, and Ameruss's use of the NYXPRESSO name is likely to cause confusion among consumers as to the source, sponsorship and/or affiliation of Ameruss with Nespresso. The likelihood of consumer confusion is particularly heightened due to the fact that Ameruss is selling capsules that are highly similar to Nespresso's capsules and advertised using the slogan "Nespresso Compatible" and "NYXPRESSO Nespresso Compatible."

22.    In addition, the Infringing Capsules that Ameruss manufactures (on information and belief), distributes, offers for sale and sells are nearly identical replicas of the Nespresso Trade Dress in size, shape, colors and appearance. The Infringing Capsules also have a "dimpled" cone shape that is nearly identical to the iconic feature of Nespresso's capsule that consumers have come to readily and exclusively associate with Nespresso. The severity of Ameruss's copying of the Nespresso Trade Dress is demonstrated in Figure 11 below, which

730168467

depict the Infringing Capsules alongside the Nespresso-branded capsules. <u>Figure 12</u> further shows the nearly identical Infringing Capsules as compared to the Nespresso-branded capsules.



**Figure 11**
"Dimpled" cone feature



**Figure 12**

730168467

23.    Throughout its website and other promotional materials (including, but not limited to, its social media pages), Ameruss displays the Infringing Capsules prominently, causing a likelihood of consumer confusion as to the source, sponsorship and/or affiliation of the Infringing Capsules with Nespresso. (*See, e.g.*, Figures 4, 7 and 12).

24.    Since its inception, Ameruss has had constructive knowledge of Nespresso's trademark rights in its NESPRESSO name as a result of Nespresso's federal trademark registrations. Ameruss clearly also has had actual notice of Nespresso's trademark and trade dress rights as evidenced by the fact that it has offered for sale and sold, and continues to offer for sale and sell, capsules that it is advertising as "Nespresso Compatible" and "NYXPRESSO Nespresso Compatible" that are nearly identical to Nespresso's capsules and have a "dimpled" cone shape. Further, Ameruss has had actual and definitive notice of Nespresso's trademark and trade dress rights and Ameruss's infringing activities since March 2018, when Nespresso issued its initial demand letter to Ameruss.

25.    Ameruss's knowing and intentional infringement of the Nespresso Marks and comprehensive copying of the Nespresso Trade Dress has been willful, and continues to cause confusion among consumers as to the source, sponsorship and/or affiliation of Ameruss's products (*i.e.*, the Infringing Capsules) with Nespresso. Further, Ameruss's infringing activities have irreparably harmed and continue to irreparably harm Nespresso's reputation and the Nespresso brand.

26.    After over six months of communications between counsel for Ameruss and counsel for Nespresso, Ameruss continues to infringe the Nespresso Marks and Nespresso Trade Dress, and has categorically refused to comply with Nespresso's demands. Accordingly,

730168467

Nespresso is left with no option other than to file this lawsuit to protect some of its most valuable assets—its brand identifiers.

## COUNT I:  TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(1)

27.      Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 26 of this Complaint.

28.      Nespresso has exclusive rights, dating back to at least 1990, in and to the Nespresso Marks for use in the United States in connection with espresso capsules, consumables and accessories that well predate Ameruss's use of the Nespresso Marks.

29.      Ameruss is using the Nespresso Marks in connection with the manufacture (on information and belief), distribution, offering for sale and sale of the Infringing Capsules, which are nearly identical to the Nespresso capsules, as a tagline, in stylized forms and as the company name and trademark "NYXPRESSO." Such use of the Nespresso Marks in commerce by Ameruss in connection with capsules that are identical to and direct substitutes for Nespresso-branded capsules is likely to cause consumer confusion.

30.      Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Ameruss's use of the Nespresso Marks.

31.      Ameruss had actual or constructive knowledge of Nespresso's trademark rights prior to using or continuing to use the Nespresso Marks.

32.      Ameruss's use of the Nespresso Marks is likely to cause confusion among consumers as to the source, sponsorship, affiliation or endorsement of Ameruss's web site, business and products, including the Infringing Capsules.

33.      Ameruss's use of the Nespresso Marks constitutes trademark infringement of U.S. trademark registration numbers 2009751 and 3813444 in violation of 15 U.S.C. § 1114.

15

730168467

34.     The willful and intentional nature and the reckless disregard of the most basic level of diligence by Ameruss makes this false designation of origin an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

35.     As a result of Ameruss's trademark infringement, Nespresso has suffered damages in an amount to be determined at trial.

36.     On information and belief, Ameruss has gained profits by virtue of its infringement of the Nespresso Marks.

37.     Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

### COUNT II:  FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

38.     Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 37 of this Complaint.

39.     Ameruss's use of the Nespresso Marks in the form of Nespresso's stylized logo, as a slogan (i.e., "Nespresso Compatible," "NYXPRESSO Nespresso Compatible") and as the name and trademark NYXPRESSO to promote, offer for sale and sell the Infringing Capsules violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40.     Ameruss's use of the Nespresso Marks in connection with the Infringing Capsules falsely suggests that the Infringing Capsules are connected with, sponsored by, affiliated with or related to Nespresso.

730168467

41.     Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Ameruss's use of the Nespresso Marks, and neither Nespresso, SPN nor Nestlé Nespresso S.A. has authorized Ameruss's sale or offer for sale of the Infringing Capsules using the Nespresso Marks.

42.     Ameruss's unauthorized use of the Nespresso Marks constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

43.     Ameruss had actual knowledge of Nespresso's trademark rights prior to using, or continuing to use, the Nespresso Marks.

44.     The willful and intentional nature and the reckless disregard of the most basic level of diligence by Ameruss makes this trademark infringement an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, Ameruss's profits, actual damages, costs and reasonable attorneys' fees.

45.     As a result of Ameruss's trademark infringement, Nespresso has suffered damages in an amount to be determined at trial.

46.     On information and belief, Ameruss has gained profits by virtue of its infringement of the Nespresso Marks.

47.     Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

### COUNT III:  FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(d)

**48.**     Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 47 of this Complaint.

17

730168467

49.     Ameruss has registered (on information and belief) and is using the domain name <nyxpresso.com>, which is highly similar to the Nespresso Marks, and is using this domain name in connection with the sale of the Infringing Capsules in violation of 15 U.S.C. § 1125(d).

50.     Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Ameruss's use of the Nespresso Marks.

51.     Ameruss had actual and/or constructive knowledge of Nespresso's trademark rights prior to using or continuing to use the Nespresso Marks.

52.     Ameruss's use of the Nespresso Marks is likely to cause confusion among consumers as to the source, sponsorship, affiliation or endorsement of Ameruss's web site, business and products, including the Infringing Capsules.

53.     Ameruss's use of the Nespresso Marks constitutes trademark infringement of U.S. trademark registration numbers 2009751 and 3813444 in violation of 15 U.S.C. § 1114.

54.     The willful and intentional nature and the reckless disregard of the most basic level of diligence by Ameruss makes this false designation of origin an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

55.     As a result of Ameruss's trademark infringement and cyberpiracy, Nespresso has suffered damages in an amount to be determined at trial.

56.     On information and belief, Ameruss has gained profits by virtue of its infringement of the Nespresso Marks and cyberpiracy related thereto.

57.     Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an

730168467

adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

### COUNT IV:  TRADE DRESS INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

58.      Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 57 of this Complaint.

59.      Nespresso is the exclusive licensee of all right and title to the Nespresso Trade Dress in the United States. The Nespresso Trade Dress, as embodied in Nespresso's cone-shaped capsules, is inherently distinctive and/or has acquired secondary meaning, and is not functional.

60.      In addition, based on Nespresso's extensive and consistent advertising, promotion and sales throughout the United States, the Nespresso Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Nespresso as the source of these products.

61.      Nespresso's extensive promotion and use of the distinctive Nespresso Trade Dress has resulted in Nespresso's acquisition of valuable, legally protected rights in the Nespresso Trade Dress as well as considerable customer goodwill.

62.      Ameruss has misappropriated the Nespresso Trade Dress by mimicking the distinctive elements of the Nespresso Trade Dress almost in their entirety.

63.      Ameruss's manufacture (on information and belief), distribution, offering for sale and sale of the Infringing Capsule products with an identical "cone" shape and using a similar color scheme as the Nespresso Trade Dress is likely to cause and has caused confusion, mistake and/or deception among consumers as to the source, affiliation and/or sponsorship of Ameruss with Nespresso and/or as to the source, affiliation and/or sponsorship by Nespresso of Ameruss's goods and/or commercial activities.

730168467

64.     Ameruss's manufacture (on information and belief), distribution, offering for sale and sale of the Infringing Capsules with a highly similar "cone" shape and using a similar color scheme as the Nespresso Trade Dress enables Ameruss to unfairly benefit from Nespresso's reputation and success in the marketplace, thus giving Ameruss's infringing products sales and commercial value that they otherwise would not have.

65.     Ameruss had knowledge of the Nespresso Trade Dress when it designed the Infringing Capsules and began offering for sale and selling the Infringing Capsules. Ameruss has not changed the design and appearance of the Infringing Capsules in response to Nespresso's clear objections, and Ameruss continues to manufacture (on information and belief), distribute, offer for sale and sell the Infringing Capsules. As such, Ameruss's infringement has been and continues to be intentional, willful and without regard to the Nespresso Trade Dress.

66.     Neither Nespresso, SPN nor Nestlé Nespresso S.A. have consented to Ameruss's use of the Nespresso Trade Dress, and neither Nespresso, SPN nor Nestlé Nespresso S.A. have authorized Ameruss's manufacture, distribution, sale or offer for sale of the Infringing Capsules using the Nespresso Trade Dress.

67.     The willful and intentional nature and the reckless disregard of the most basic level of diligence by Ameruss makes this trade dress infringement an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

68.     As a result of Ameruss's trade dress infringement, Nespresso has suffered damages in an amount to be determined at trial.

69.     On information and belief, Ameruss has gained profits by virtue of its infringement of the Nespresso Trade Dress.

730168467

70.     Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

## COUNT V: UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER N.Y. GEN. BUS. LAW § 349(a)

71.     Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 70 of this Complaint.

72.     Ameruss knowingly and intentionally has manufactured, distributed, offered for sale and sold and continues to manufacture, offer for sale and sell the Infringing Capsules by improperly using the Nespresso Marks and improperly copying the Nespresso Trade Dress.

73.     Ameruss's use of the Nespresso Marks and copying of the Nespresso Trade Dress is without Nespresso's consent and without the consent of SPN or Nestlé Nespresso S.A.

74.     Ameruss's acts complained of herein are materially misleading and, directed at consumers, have misled, continue to mislead and/or are likely to mislead reasonable consumers as to the origin of the Infringing Capsules, and have deceived, continue to deceive and/or are likely to deceive the public into believing that Ameruss's products originate from, are associated with or are otherwise authorized or endorsed by Nespresso.

75.     Ameruss's deceptive acts and practices involve public sales activities of a recurring nature.

76.     Ameruss had knowledge of the Nespresso Marks and the Nespresso Trade Dress when it began using the Nespresso Marks, when it designed the Infringing Capsules and when it began manufacturing (on information and belief), distributing, offering for sale and selling the Infringing Capsules, and Ameruss has not ceased its improper use of the Nespresso Marks or

21

730168467

changed the design and appearance of the Infringing Capsules in response to Nespresso's clear objections. As such, Ameruss's infringement has been and continues to be intentional, willful and without regard to the Nespresso Marks and Nespresso Trade Dress. Accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

77.     As a result of Ameruss's trademark and trade dress infringement, Nespresso has suffered damages in an amount to be determined at trial.

78.     On information and belief, Ameruss has gained profits by virtue of its deceptive acts and practices.

79.     Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

80.     Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 79 of this Complaint.

81.     Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Ameruss's use of the Nespresso Marks.

82.     Ameruss's use of the Nespresso Marks and the Nespresso Trade Dress is with the intent to deceive the public into believing Ameruss's goods are affiliated with Nespresso. Ameruss's unauthorized use of the Nespresso Marks and the Nespresso Trade Dress constitutes passing off and unfair competition in violation of the common law of the State of New York.

83.     Ameruss had actual knowledge of Nespresso's trademark and trade dress rights prior to using, or continuing to use, the Nespresso Marks and the Nespresso Trade Dress,

730168467

resulting in willful and intentional conduct. Accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

84.      As a result of Ameruss's conduct, Nespresso has suffered damages in an amount to be determined at trial.

85.      Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Ameruss's actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage.  Accordingly, Nespresso is entitled to an injunction by the Court.

### **PRAYER FOR RELIEF**

WHEREFORE, as a result of the unlawful acts of Defendant set forth in each of the counts above, plaintiff Nespresso prays that the Court enter a judgment against Defendant:

(a) Preliminarily and permanently enjoining Defendant, its agents, servants, employees, officers and all persons in active concern and participation with them:

    i.   From using the Nespresso Marks or any marks similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of the Infringing Capsules;

    ii.  From using the Nespresso Trade Dress or any trade dress similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of the Infringing Capsules;

730168467

iii.    From using the name "NYXPRESSO" in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of the Infringing Capsules or any products that are the same or similar to those manufactured, distributed, offered for sale and/or sold by Nespresso;

iv.    From using or maintaining registered rights in the domain name <nyxpresso.com> and any other domain names that are the same or similar to the Nespresso Marks;

v.    From using any logo, trade name or trademark that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendant are sponsored by, authorized by or in any way associated with the Plaintiff Nespresso or the Nespresso brand;

vi.    From infringing Plaintiff Nespresso's exclusively licensed trademarks; and

vii.    From falsely representing itself as being connected with, sponsored by or associated with Plaintiff Nespresso or the Nespresso brand.

(b) Ordering the destruction of all unauthorized goods and materials bearing any copy or colorable imitation of the Nespresso Marks or Nespresso Trade Dress.

(c) Pursuant to 15 U.S.C. § 1116(a), ordering Defendant to file with the Court and serve upon Nespresso's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(d) Finding that, by the acts complained of above, Defendant has infringed Nespresso's exclusively licensed federally registered trademarks in violation of 15 U.S.C. § 1114.

730168467

(e) Finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association and has infringed the Nespresso Marks and the Nespresso Trade Dress in violation of 15 U.S.C. § 1125(a).

(f) Finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association and has infringed the Nespresso Marks in violation of 15 U.S.C. § 1125(d).

(g) Finding that the acts complained of above constitute willful infringement of the Nespresso Marks and the Nespresso Trade Dress.

(h) Ordering Defendant to provide Nespresso with a full accounting of all manufacture, distribution and sale of the Infringing Capsules, including all profits derived therefrom.

(i) Ordering Defendant to expressly abandon U.S. Trademark Application Nos. 87196761, 87216595 and 87216542.

(j) Ordering Defendant to pay Nespresso:

    i.   Defendant's profits for sale of the infringing goods using the Nespresso Marks and the Nespresso Trade Dress;

    ii.   Treble actual damages in connection with Defendant's infringement of the Nespresso Marks; and

    iii.   Nespresso's costs and reasonable attorneys' fees incurred in this matter.

(j) Awarding Nespresso pre-judgment and post-judgment interest against Defendant.

(k) Awarding Nespresso such other and further relief as the Court may deem just and proper.

730168467

## JURY DEMAND

Nespresso hereby demands a trial by jury.

Dated:  New York, New York
        October 15, 2018

**MAYER BROWN LLP**

A. John P. Mancini
1221 6th Ave,
New York, New York 10020
Telephone:  (212) 506-2500
jmancini@mayerbrown.com

Kristine M. Young (*pro hac vice to be filed*)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
kyoung@mayerbrown.com

*Attorneys for Plaintiff Nespresso USA, Inc.*

730168467